UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RAYMOND GRIJALVA II,<br><br>　Petitioner,<br><br>v.<br><br>JAMES WOLFE,<br><br>　Respondent. | Case No. 4:15-cv-00426-REB<br><br>**MEMORANDUM DECISION AND ORDER** |

　　Petitioner Raymond Grijalva II is proceeding on his Amended Petition for Writ of Habeas Corpus. (Dkt. 9.) Respondent has filed a Motion for Summary Dismissal, asserting that Petitioner's original petition is barred by the statute of limitations and that the claims are procedurally defaulted for failure to properly present them to the Idaho Supreme Court. (Dkt. 18.) In response, Petitioner filed a Motion for Rule 56(d) on Summary Dismissal, asserting that judgment is premature and additional discovery is necessary. (Dkt. 21.)

　　All parties who have appeared in this case have consented to the jurisdiction of a United States Magistrate Judge to enter final orders in this case. (Dkt. 14.) *See* 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

**MEMORANDUM DECISION AND ORDER - 1**

# REVIEW OF PETITIONER'S 56(d) MOTION
# AND REQUEST FOR APPOINTMENT OF COUNSEL

Pursuant to Federal Rule of Civil Procedure 56(d), "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."

Petitioner asserts that he exhausted his state remedies on July 22, 2015, when the "state of Idaho" denied with prejudice a petition for writ of habeas corpus in his state court case, No. CV-2015-02. He also asserts that his most recent state court action re-started the statute of limitations on the claims asserted therein. As a result, Petitioner contends that Respondent's Motion for Summary Dismissal on procedural grounds is unnecessary.

In Case No. CV-2015-02, Petitioner attempted to bring his speedy trial claim in a state petition for writ of habeas corpus, but the state district court ruled that habeas corpus was an inappropriate procedural vehicle because the claim should have been raised on direct appeal or in a proper post-conviction action. (Dkt. 21-1.) The Register of Actions shows that Petitioner did not appeal from the state district court dismissal of his case.[1] These facts do not show that the procedural issues brought in Respondent's Motion for Summary Dismissal in this action are moot.

---

[1] See https://www.idcourts.us/repository/caseHistory.

**MEMORANDUM DECISION AND ORDER - 2**

In the Affidavit submitted in support of his Rule 56(d) Motion, Petitioner states that he twice requested transcripts of his arraignment on August 25, 2004, and of his sentencing on February 14, 2005, from the Canyon County Clerk of Court. (Dkt. 21-3, pp.1-2.) Petitioner has filed a motion for discovery requesting these transcripts. (Dkt. 21-3, pp.7-8.) Petitioner asserts that these transcripts would prove his innocence. (Dkt. 21-3, p. 2.)

To obtain relief under Rule 56(d), the movant bears the burden of specifically identifying relevant information, demonstrating some basis for believing that the information actually exists, and demonstrating that the information would prevent summary judgment. *Blough v. Holland Realty, Inc.*, 574 F.3d 1084, 1091 n. 5 (9th Cir. 2009). Respondent argues that the transcripts have never been transcribed, because Petitioner did not file any appeal necessitating preparation of the transcripts. It is unknown whether the proceedings were audio-recorded, such that Petitioner could be provided with copies of the audio recordings. It is also unknown whether the court reporter kept her original transcriptions of the hearings, such that he or she could prepare transcriptions at this late date.

Petitioner has not made any demonstration that any evidence presented at these hearings would prove his actual innocence. The Court will deny his Motion without prejudice to him reasserting it with adequate supporting factual information. Should he do so, Respondent will be required to check with the Clerk of Court and report what avenues remain open, if any, to obtain audio recordings or transcripts of the two hearings.

Petitioner requests appointment of counsel because of his lack of legal training and resources. (Dkt. 15.) A habeas petitioner has a right to counsel, as provided by rule, if counsel is necessary for effective discovery or if an evidentiary hearing is required in his case. *See* Rules 6(a) & 8(c) of the Rules Governing Section 2254 Cases. In addition, the Court may exercise its discretion to appoint counsel for an indigent petitioner in any case where required by the interests of justice. 28 U.S.C. § 2254(h); 18 U.S.C. § 3006A(a)(2)(B).

Because the procedural issues in this case are straightforward, and Petitioner has not shown the need for discovery, the Court will presently deny Petitioner's request for appointment of counsel. (Dkt. 15.) Should Petitioner make an adequate showing that he is actually innocent and that further discovery is warranted, the Court will reconsider the request.

## REVIEW OF MOTION FOR SUMMARY DISMISSAL: STATUTE OF LIMITATIONS GROUNDS

1. **Standard of Law Governing Dismissal on Statute of Limitation Grounds**

When a petitioner's compliance with threshold procedural requirements is at issue, a respondent may file a motion for summary dismissal, rather than an answer. *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989). Rule 4 of the Rules Governing § 2254 Cases authorizes the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." The Court takes judicial notice of the records

from Petitioner's state court proceedings, which have been lodged by the parties. *See* Fed. R. Evid. 201(b); *Dawson v. Mahoney*, 451 F.3d 550, 551 (9th Cir. 2006).

The Antiterrorism and Effective Death Penalty Act (AEDPA) requires a petitioner to seek federal habeas corpus relief within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."[2] 28 U.S.C. § 2244(d)(1)(A). One year means 366 days, for example, from January 1, 2000, to January 1, 2001. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001) (applying Federal Rule of Civil Procedure 6(a) to AEDPA).

Under 28 U.S.C. § 2244(d)(1)(A), the date of "finality" that begins the one-year time period is marked as follows, depending on how far a petitioner pursues his claim:

| **Action Taken** | **Finality Occurs** |
|---|---|
| No appeal is filed after state district court order or judgment | 42 days later, *see* Idaho Appellate Rule 14 |
| Appeal is filed and Idaho Court of Appeals issues a decision, but no petition for review is filed with the Idaho Supreme Court | 21 days later, *see* Idaho Appellate Rule 118 |
| Appeal is filed and Idaho Supreme Court issues a decision or denies a petition for review of an Idaho Court of Appeals decision, and Petitioner does not file a petition for writ of certiorari with the United States Supreme Court | 90 days later, *see* United States Supreme Court Rule 13 |

---

[2] Several other triggering events for the statute of limitations exist—but are less common—and are set forth in subsections 2244(d)(1)(B)-(D).

| After Idaho Supreme Court issues a decision or denies a petition for review, Petitioner files a petition for writ of certiorari to the United States Supreme Court, and the petition is denied | Date of denial |
|---|---|
| After Idaho Supreme Court issues a decision or denies a petition for review, Petitioner files a petition for writ of certiorari to the United States Supreme Court, the petition is granted, and the United States Supreme Court issues a decision | Date of decision |

In each instance above, "finality" is measured from entry of the final judgment or order, not from a remittitur or mandate, which are mere formalities. *Gonzales v. Thaler*, 132 S.Ct. 641, 653 (2012); *Clay v. United States*, 537 U.S. 522, 529 (2003); *Wixom v. Washington*, 264 F.3d 894, 898 n.4 (9th Cir. 2001).

Once a federal statute of limitations has expired, it cannot be reinstated or resurrected by a later-filed state court action. *See Ferguson v. Palmateer*, 321 F.3d 820, 822 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"). However, the United States Supreme Court has established an exception for cases in which the state court grants the petitioner the right to file an out-of-time direct appeal; in that case, the federal habeas statute of limitations begins to run again from the new date of finality. *Jimenez v. Quarterman*, 555 U.S. 113, 116 (2009).

AEDPA also contains a tolling provision that stops or suspends the one-year limitations period from running during the time in "which a properly filed application for State postconviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2).

**MEMORANDUM DECISION AND ORDER - 6**

The federal statute of limitations is not tolled between the date of finality on direct appeal and the date the first collateral challenge is filed, because nothing is "pending" during that time. *Thorson v. Palmer*, 479 F.3d 643, 646 (9th Cir. 2007).

To warrant tolling, the collateral relief application must be "properly filed," meaning that it conforms to state rules governing conditions to filing, including timeliness. *Pace v. DiGuglielmo*, 544 U.S. 408 (2005). A state collateral relief application is considered "pending" under § 2244(d)(2) until "the application has achieved final resolution through the State's post-conviction procedures." *Carey v. Saffold*, 536 U.S. 214, 220 (2002). Whether an application remains "pending" under § 2244(d)(2) depends on the state's interpretation of finality. *See id.* at 223 ("Ordinarily, for purposes of applying a federal statute that interacts with state procedural rules, we look to how a state procedure functions, rather than the particular name that it bears"); *White v. Klitzkie*, 281 F.3d 920, 924 n.4 (9th Cir. 2002) (it is the state appellate court decision, not the mandate, that signals conclusion of review for § 2244(d)(2) purposes, unless (as in Idaho and California) the state has a rule that extends the time when the decision of the state appellate court becomes final).

In Idaho, an appellate case remains pending until a remittitur is issued. *See Cochran v. State*, 984 P.2d 128, 129 (Idaho Ct. App. 1999), and so, for federal purposes, a collateral relief application is deemed "pending" through the date of the remittitur. *See Jefferson v. Budge*, 419 F.3d 1013, 1015 n.2 (9th Cir. 2005). "Pending" does not include the time period for filing a petition for writ of certiorari before the United States Supreme Court to challenge denial of a collateral review petition. *Lawrence v. Florida*, 549 U.S.

**MEMORANDUM DECISION AND ORDER - 7**

327, 337 (2007). Finally, each time statutory tolling ends, the statute of limitations does not restart at one year, but begins running at the place where it stopped before the post-conviction action was filed.

2. **Background**

Petitioner pleaded guilty to and was convicted of grand theft in the Third Judicial District Court in Canyon County, Idaho. He was sentenced to a term of one year fixed, with four years indeterminate, with judgment entered on February 16, 2005. He filed no direct appeal. He was involved in various actions related to probation violations and revocation between 2005 and 2014. Petitioner decided to pursue a post-conviction action related to his original judgment of conviction in the state district court in December 2014. He did not file an appeal after it was dismissed. He then filed a state habeas corpus petition, which was dismissed, and no appeal followed. According to the Idaho Department of Correction offender website, Petitioner's sentence was complete on July 4, 2017, and it appears that he has been released.

3. **Discussion of Timeliness Issue**

The trial court entered its judgment of conviction on February 16, 2005. (State's Lodging A-2, pp. 84-87.) Petitioner did not file an appeal, and thus the federal statute of limitations began to run when the judgment became final at expiration of the time for filing a direct appeal, 42 days later, on March 30, 2005. Petitioner did not file any post-conviction action related to the conviction at issue within the one-year statute of limitations; in fact, his post-conviction action was filed in December 2014. Therefore, the limitations period expired on March 30, 2006.

Petitioner's state court actions filed after the statute of limitations had already expired did not serve to toll it. Petitioner is amiss in believing that, because an Idaho state prisoner can challenge an illegal sentence "at any time," the federal statute of limitations likewise remains open throughout the entire length of Petitioner's sentence. The United States Court of Appeals for the Ninth Circuit addressed a similar circumstance in *Ferguson v. Palmateer, supra*. There, the petitioner, an Oregon state prisoner, filed his state post-conviction relief petition within Oregon's two-year statute of limitation, but outside of Title 28 U.S.C. § 2244(d)'s one-year statute of limitation for federal petitions. *Id.*, 321 F.3d at 822. When he attempted to file a federal petition after exhausting his claims in state court, the district court dismissed it as untimely. *Id*.

On appeal to the Ninth Circuit, Ferguson argued that strict enforcement of the federal statute of limitation rendered habeas corpus an inadequate or ineffective remedy and violated the Suspension Clause in Article I, § 9 of the Constitution. *Id*. at 822. Specifically, Ferguson argued that a literal interpretation of the statute created a "trap for state prisoners who availed themselves of state remedies in a timely fashion, only to find themselves barred from federal court." *Id.* at 823. In rejecting this contention, the Ninth Circuit concluded that it is unreasonable for a state prisoner to rely on the state statute of limitation rather than AEDPA's statute of limitation. *Id*. For the same reason, Petitioner's argument that he had an unlimited time to bring a sentencing claim arising from his original conviction is incorrect.

Accordingly, the Court concludes that the Petition is untimely.

**MEMORANDUM DECISION AND ORDER - 9**

4. **Equitable Tolling**

If a petition is untimely, a federal court nonetheless can hear the claims if the petitioner can establish that "equitable tolling" should be applied. In *Pace v. DiGuglielmo*, the Supreme Court clarified that, "[g]enerally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." 544 U.S. at 418. In addition, there must be a causal link between the lateness and the extraordinary circumstances. *See Bryant v. Schriro*, 499 F.3d 1056, 1061 (9th Cir. 2007) (holding that a petitioner must show that his untimeliness was caused by an external impediment and not by his own lack of diligence). The petitioner bears the burden of bringing forward facts to establish a basis for equitable tolling. *United States v. Marolf*, 173 F.3d 1213, 1318, n. 3 (9th Cir. 1999).

Petitioner's Response simply denies the assertion that his case was filed too late. (Dkt. 18, p. 6.) He filed his federal Petition exactly one year from the date his last state court action concluded, and he believes that was a timely filing. However, he likely did not realize that the time between the conclusion of direct appeal and the filing of his state post-conviction petition also counted toward the federal limitations period, and that the limitations period did not re-start at one year upon conclusion of the post-conviction matter.

Ignorance of the law without more, however, is not grounds for equitable tolling. *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (a petitioner's "inability correctly to calculate the limitations period" and "lack of legal sophistication" are not

**MEMORANDUM DECISION AND ORDER - 10**

"extraordinary circumstance[s] warranting equitable tolling"). This was the only potential factual basis for equitable tolling that appeared obvious from the record. Petitioner otherwise has chosen not to make an equitable tolling argument.

5. **Actual Innocence**

The United States Supreme Court has ruled that there is an "actual innocence" exception to the AEDPA statute of limitations triggered when a petitioner meets the rigorous actual innocence standard of *Schlup v. Delo*, 513 U.S. 298 (1995). *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1928 (2013). Importantly, "'actual innocence means factual innocence, and not mere legal insufficiency.'" *Marrero v. Ives*, 682 F.3d 1190 (9th Cir. 2012) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)).

To show actual innocence under *Schlup*, a Petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *Perkins*, 133 S.Ct. at 1933 (quoting *Schlup*, 513 U.S. at 329). This exception is to be applied only in the "extraordinary" or "extremely rare" case. *House v. Bell*, 547 U.S. 518, 538 (2006); *Schlup*, 513 U.S. at 320-21.

As discussed above, Petitioner asserts that the missing transcripts will prove his actual innocence of the grand theft charge. It goes without saying that Petitioner must have some factual basis for believing this, but he makes no reference to evidence that he believes is contained in the transcript. Petitioner will be given leave to do so.

# REVIEW OF MOTION FOR SUMMARY DISMISSAL: STATUTE OF LIMITATIONS GROUNDS

1. **Exhaustion of State Court Remedies**

Habeas corpus law requires that a petitioner "exhaust" his state court remedies before pursuing a claim in a federal habeas petition. 28 U.S.C. § 2254(b). To exhaust a claim, a habeas petitioner must fairly present it as a federal claim to the highest state court for review in the manner prescribed by state law. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Unless a petitioner has exhausted his state court remedies relative to a particular claim, a federal district court cannot grant relief on that claim, although it does have the discretion to deny the claim. 28 U.S.C. § 2254(b)(2).

State remedies are considered technically exhausted, but not *properly* exhausted, if a petitioner failed to pursue a federal claim in state court and there are no remedies now available. *O'Sullivan*, 526 U.S. at 848. A claim may also be considered exhausted, though not properly exhausted, if a petitioner pursued a federal claim in state court, but the state court rejected the claim on an independent and adequate state law procedural ground. *Coleman v. Thompson*, 501 U.S. 722, 731-732 (1991). Under these circumstances, the claim is considered "procedurally defaulted." *Id*. at 731. A procedurally defaulted claim will not be heard in federal court unless the petitioner shows either that there was legitimate cause for the default and that prejudice resulted from the default, or, alternatively, that the petitioner is actually innocent and a miscarriage of justice would occur if the federal claim is not heard. *Id.*

To show "cause" for a procedural default, a petitioner must ordinarily demonstrate that some objective factor external to the defense impeded his or his counsel's efforts to comply with the state procedural rule at issue. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To show "prejudice," a petitioner bears "the burden of showing not merely that the errors [in his proceeding] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982).

An attorney's errors that rise to the level of a violation of the Sixth Amendment right to effective assistance of counsel may, under certain circumstances, serve as a cause to excuse the procedural default of other claims. *Murray v. Carrier*, 477 U.S. at 488. However, an allegation of ineffective assistance of counsel will serve as cause to excuse the default of other claims *only* if the ineffective assistance of counsel claim itself is not procedurally defaulted or, if defaulted, Petitioner can show cause and prejudice for the default. *Edwards v. Carpenter*, 529 U.S. 446, 454 (2000). In other words, before a federal court can consider ineffective assistance of counsel as cause to excuse the default of underlying habeas claims, a petitioner generally must have presented the ineffective assistance of counsel claim in a procedurally proper manner to the state courts, such as in a post-conviction relief petition, including through the level of the Idaho Supreme Court.

As to a related but different topic–errors of counsel made on post-conviction review that cause the default of other claims–the general rule on procedural default is that any errors of a defense attorney during a post-conviction action *cannot* serve as a basis for cause to excuse a petitioner's procedural default of his claims. *See Coleman*, 501 U.S.

**MEMORANDUM DECISION AND ORDER - 13**

at 752. This rule arises from the principle that a petitioner does not have a federal constitutional right to effective assistance of counsel during state post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 430 (9th Cir. 1993).

*Martinez v. Ryan*, 566 U.S. 1 (2012), established a limited exception to this general rule. That case held that inadequate assistance of post-conviction review (PCR) counsel or lack of counsel "at initial-review collateral review proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id.* at 9. To show ineffective assistance of PCR counsel, Petitioner must show that the defaulted ineffective assistance of trial counsel claims are "substantial," meaning that the claims have "some merit." *Id.* at 14. To show that each claim is substantial, Petitioner must show that trial counsel performed deficiently, resulting in prejudice, defined as a reasonable probability of a different outcome at trial. *Id.*; *see Strickland v. Washington*, 466 U.S. 668, 695-96 (1984).

If a petitioner cannot show cause and prejudice for a procedurally defaulted claim, he can still raise the claim if he demonstrates that the court's failure to consider it will result in a "fundamental miscarriage of justice." *McCleskey v. Zant*, 499 U.S. 467, 494 (1991). A miscarriage of justice means that a constitutional violation has probably resulted in the conviction of someone who is actually innocent. *Murray v. Carrier*, 477 U.S. at 496.

To show a miscarriage of justice, a petitioner must make a colorable showing of factual innocence. *Herrera v. Collins*, 506 U.S. 390, 404 (1993). Where the petitioner

**MEMORANDUM DECISION AND ORDER - 14**

pleaded guilty and did not have the evidence in his case evaluated by a jury, he must show that, based on all of the evidence, "it is more likely than not that no reasonable juror would have found Petitioner guilty. . . ." *Van Buskirk v. Baldwin*, 265 F.3d 1080, 1084 (9th Cir. 2001), *citing Schlup v. Delo*, 513 U.S. 298, 327 (1995). Types of evidence "which may establish factual innocence include credible declarations of guilt by another, *see Sawyer v. Whitley*, 505 U.S. 333, 340 (1992), trustworthy eyewitness accounts, *see Schlup*, 513 U.S. at 331, and exculpatory scientific evidence." *Pitts v. Norris*, 85 F.3d 348, 350-51 (8th Cir. 1996). The evidence supporting the actual innocence claim must be "newly presented" evidence of actual innocence, meaning that "it was not introduced to the jury at trial"; it need not be "newly discovered," meaning that it could have been available to the defendant during his trial, though it was not presented to the jury. *Griffin v. Johnson*, 350 F.3d 956, 962–63 (9th Cir. 2013).

2. **Discussion of Procedural Default Issue**

The record reflects that Petitioner pursued no claim through the Idaho Supreme Court. Therefore, the claims in the federal Petition are procedurally defaulted. Petitioner has made no argument showing adequate excuse for the failure to bring the claims at an earlier time. Rather, it appears that Petitioner enjoyed a considerable amount of time on probation, and then decided to try to bring his claims only after his probation was revoked many years later. Because Congress crafted federal habeas corpus law to honor the principle of finality of state court decisions, Petitioner is not entitled to wait many years to bring his federal claims.

# CONCLUSION

The procedural issues in this case are straightforward. Petitioner filed his federal Petition too late, and he did not properly exhaust his federal claims by presenting them to the Idaho Supreme Court before filing his federal Petition. Therefore, Petitioner cannot proceed on the merits. The Court will provide Petitioner with 21 days in which to file a response to this Order stating why his Petition was timely filed, or why equitable tolling, the cause and prejudice exception, or the actual innocence exception should be applied to his case. In particular, he must provide the facts he believes are contained in the transcripts showing his actual innocence. Failure to respond to this Order will result in dismissal of his Petition for Writ of Habeas Corpus with prejudice without further notice.

# ORDER

**IT IS ORDERED:**

1. Petitioner's Motion for Appointment of Counsel (Dkt. 15) is DENIED without prejudice.

2. Respondent's Motion for Summary Dismissal (Dkt. 18) is CONDITIONALLY GRANTED.

3. Petitioner's Motion for Application of Rule 56(d) (Dkt. 21) is DENIED without prejudice.

4. Petitioner shall have 21 days after entry of this Order in which to respond as described above. Failure to do so will result in the Court entering a final Order of Dismissal in this case.

 DATED: August 28, 2017

_____
Honorable Ronald E. Bush
Chief U. S. Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 17**